# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | |
|---|---|
| ALICIO YANES, | |
| Plaintiff, | CIVIL ACTION NO. 2:15-cv-36 |
| v. | |
| WENDY MCMANUS; WARDEN SUZANNE HASTINGS; REGIONAL DIRECTOR, SOUTHERN REGION, FEDERAL BUREAU OF PRISONS; DIRECTOR, FEDERAL BUREAU OF PRISONS; and THE UNITED STATES OF AMERICA, | |
| Defendants. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331. The Court construes Plaintiff's claims as proceeding pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671, et seq. ("FTCA"). (Doc. 1.) The Court conducted an initial review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A. Pursuant to that review, I **RECOMMEND** that Plaintiff's claims against Defendants Wendy McManus, Defendant Regional Director, Southern Region of the Federal Bureau of Prisons, and Defendant Director of the Federal Bureau of Prisons be **DISMISSED**. However, Plaintiff's Bivens claims against Defendant Suzanne Hastings and his FTCA claims against the United States of America survive frivolity review. Accordingly, I **HEREBY ORDER** that a copy of this Order and Plaintiff's Complaint be served upon all Defendants. Additionally, for the reasons set forth below, the Clerk of the Court is

**DIRECTED** to add the Unites States of America as a Defendant in this case. The Court provides additional instructions to Plaintiff and Defendants pertaining to the future litigation of this action, which the parties are urged to read and follow.

BACKGROUND[1]

Plaintiff filed this action against four Defendants: Wendy McManus, the Health Services Administrator at FCI Jesup; Suzanne Hastings, the former Warden at FCI Jesup; the Regional Director for the Southern Region of the Federal Bureau of Prisons; and the Director of the Federal Bureau of Prisons on March 16, 2015.[2] (Doc. 1.) In his Complaint, Plaintiff alleges that Defendants denied him access to necessary medical care. Specifically, Plaintiff contends that he fell and broke a bone in his right forearm on February 2, 2013. (Id. at p. 1.) He was then transported to a local hospital where his arm was placed in a splint and he was discharged with directions to see his physician within one to two days. Id. However, he contends that he was not allowed to see a physician until nearly a month later on March 1, 2013. Id. By that time, the fracture had mended and nothing could be done short of surgery. Id. He states that due to the delay in seeing a physician, he was required to have surgery and has lost approximately 20% of the range of motion in his right wrist and forearm. Id. Plaintiff contends that during the period between his initial visit to the local hospital and his March 1, 2013 follow up visit, he approached Defendant Hastings and spoke with her about his injury and his need to see a physician. Id. However, he contends that "though she expressed interest in [Plaintiff's] plight, [Defendant Hastings] failed to have [Plaintiff] seen by a physician in a timely manner." Id.

---

[1] The facts set forth below are taken from Plaintiff's Complaint, as amended, and are accepted as true, as they must be at this stage.

[2] Plaintiff states that he does not know the name of the Regional Director or the Director of the Federal Bureau of Prisons. Because the Defendants should be dismissed from this action, the Court need not take any action in this regard.

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

The Court construes Plaintiff's complaint as proceeding under Bivens as well as the FCTA. Bivens and the FTCA are viewed "as parallel and complementary causes of action[.]" Denson v. United States, 574 F.3d 1318, 1336 (11th Cir. 2009). To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. at 388. In order to state a claim under the FTCA, Plaintiff must allege facts which, if

4

proven, show that a federal official committed a tort as defined by state law. Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir.2001). This Report will first discuss the viability of Plaintiff's Bivens claims and then assess his allegations under the FTCA. The Court analyzes these claims under the Standard of Review set forth above and accepts Plaintiff's non-conclusory factual allegations as true, as the Court must at this stage.

**I.  Bivens Claims**

**A.  Proper Defendants**

The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers. In addition, absent a waiver, "sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. at 475 (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941) (alteration in original)). To the extent that Plaintiff seeks to bring claims against the United Sates or the Federal Bureau of Prisons pursuant to Bivens, those claims cannot be sustained. Moreover, there is no evidence the United States has consented to be sued under Bivens. Thus, any Bivens claims against the United States or the Federal Bureau of Prisons should be **DISMISSED**.

**B.  Official Capacity Claims**

It is not clear if Plaintiff seeks to sue the individually-named Defendants in both their individual and official capacities. To the extent Plaintiff seeks to hold Defendants liable in their official capacities under Bivens, he cannot do so. "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enforcement Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)). For this reason,

Plaintiff's Bivens claims against the individually-named Defendants in their official capacities should be **DISMISSED**.

### C. Respondeat Superior

It appears Plaintiff seeks to hold Defendant McManus, Defendant Regional Director for the Southern Region of the Bureau of Prisons, and Defendant Director of the Bureau of Prisons liable based solely on their supervisory positions. He makes no factual allegations against these three Defendants. "It is well established in this circuit that supervisory officials are not liable under Bivens for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). Plaintiff has not alleged any facts that would connect these three Defendants to the failure to provide him medical care. As Plaintiff has failed to set forth a viable constitutional claim against Defendant McManus, Defendant Regional Director for the Southern Region of the Bureau of Prisons, and Defendant Director of the Bureau of Prisons, his Bivens claims against these Defendants should be **DISMISSED**.

### D. Deliberate Indifference to Serious Medical Need Claims against Defendant Hastings

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828

(1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Goebert, 510 F.3d at 1327. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no

constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Co. Det. Center Staff, 262 Fed. Appx. 959, 964 (11th Cir.2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

Based on Plaintiff's allegations, he requested medical assistance directly from Defendant Hastings and discussed his delay in treatment with her.[3] Further, he alleges that he had a broken arm with instructions to see a physician within one to two days but that he did not see a physician until a month later. These allegations arguably constitute a plausible claim for deliberate indifference to serious medical needs. Accordingly, Plaintiff's Bivens claims against Defendant Hastings should proceed.

## II.   FTCA Claims

The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976). Plaintiff's allegations of negligent medical treatment by federal prison officials sets forth a plausible claim for relief under the FTCA. Accordingly, his FTCA claims should proceed forward. However, the United States is the only proper defendant in an FTCA action." Simpson v. Holder, 184 F. App'x 904, 908 (11th Cir. 2006) (citing 28 U.S.C. § 2679(a), (b)). Consequently, the Clerk of the Court is

---

[3] The Court notes that Defendant Hastings was the Warden at FCI Jesup. As explained above, this supervisory position alone cannot create liability under Bivens. Here, reading Plaintiff's allegations liberally, he alleges that Defendant Hastings personally participated in the constitutional violation by having direct knowledge of Plaintiff's serious medical needs and delay in treatment and then refusing him treatment.

8

hereby **DIRECTED** to amend the docket of this case to add the United States of America as a Defendant. Furthermore, because the United States of America is the only proper FTCA Defendant, I **RECOMMEND** that the Court **DISMISS** Plaintiff's FTCA claims against Defendant Hastings, Defendant McManus, Defendant Regional Director of the Bureau of Prisons, and Defendant Director of the Bureau of Prisons.

CONCLUSION

Plaintiff's allegations, when read in a light most favorable to the Plaintiff, arguably state colorable claims for relief under Bivens against Defendants Hastings and colorable claims for relief against the United States under the FTCA. A copy of this Order and Plaintiff's Complaint (doc. 1) and Amended Complaint (doc. 9) shall be served upon these Defendants by the United States Marshal without prepayment of cost.

A copy of Plaintiff's Complaint, and this Report and Recommendation, shall be served upon Defendant Hastings and the United States by the United States Marshal without prepayment of cost. The United States Attorney for the Southern District of Georgia may be personally served or served by registered or certified mail addressed to the civil process clerk at the office of the United States Attorney. Service may be perfected on the United States Attorney General by registered or certified mail. The answer of the Defendant shall be filed within sixty (60) days of receipt of such service. Fed. R. Civ. P. 12(a)(2).

I **RECOMMEND** that the Court take the following actions: **DISMISS** all claims against Defendant McManus, Defendant Regional Director of the Bureau of Prisons, and Defendant Director of the Bureau of Prisons; **DISMISS** Plaintiff's Bivens claims against the United States, the Federal Bureau of Prisons, and any individual Defendant in their official capacity; **DISMISS**

Plaintiff's FTCA claims against Defendant Hastings, Defendant McManus, Defendant Regional Director of the Bureau of Prisons, and Defendant Director of the Bureau of Prisons.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

The Court also provides the following instructions to the parties that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis,* the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are further advised that the Court's standard 140 day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the

witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

## INSTRUCTIONS TO PLAINTIFF

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Plaintiff's Failure notify the Court of a change in his address may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the

pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants' motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by

14

reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA